Incorporated, LLC, 1515 and the Suicide, Keegan Falls. Good morning, Your Honor. Neil Falls, of the Nashville Bar. If I may, I'd like to reserve four minutes for rebuttal. In the American Pipe case, the court held that under Rule 23, the filing of an action holds the statute, let me back up, for all, it commences the action for all members of the class, all members of the class, and then in the Crown Cork, the court held that the statute holds the statute of limitation as to all members of the class, and that American Pipe tolling applies to a class member who chooses to file an independent action. And there's no suggestion in either of those cases, or in any Supreme Court case, that by filing an independent action, a member of a putative class somehow could forfeit American Pipe tolling. However, the Sixth Circuit panel and Weiser Pratt held just that, that by filing an independent action prior to a class certification decision, a member of the class can lose the effect of American Pipe tolling. The reasoning of the court was that this forfeiture doctrine would reduce the caseload on the federal court, although the court didn't note any data or evidence to that effect. Respectfully, circuit courts don't have the power or the ability to modify Supreme Court cases, particularly a Supreme Court case that's interpreting a federal rule which has the force of law. Ultimately, the question in this case for you is probably this court joins the Second Circuit in holding that a statute of repose may not be tolled under American Pipe, isn't it? I'm sorry, I'm not sure I'm with you. Well, the Second Circuit has said that, let me step back a little bit, the Tenth Circuit has said that American Pipe applies to statutes of repose and may toll them. The Second Circuit has said it does not, and we, as I see it, ultimately, with respect to that issue, are faced with whether we think the Tenth Circuit or the Second Circuit has propounded the more persuasive analysis. And that's, at the end of the day, your most critical problem, it seems to me. What do you have to say about that? Well, obviously, it's an important issue. Defendants argue that statute of repose can't be tolled, and there's a lot of case law to the contrary. In fact, we devoted... But there are two circuit opinions on it, one of which supports your position and one of which does not. Right, that's true. The IndyMac decision out of the Second Circuit, respectfully, is a very flawed decision that ignored a lot of case law that's on point, and we actually devoted probably five or six I don't know that I can go through all that, but I agree with you that that's a critical issue in this case. But assuming that the... Well, I'm not finding that very position, but I do agree with you that that's a critical issue, but assuming that the court agrees with the appellant on the issue of the tolling of the statute of repose, then the other issues become the Weiser-Pratt issue, and also there's a big problem in that even if you agree with Weiser-Pratt and that's not overturned, the trial court erred in finding that an arbitration case and a state law case could trigger this forfeiture doctrine, and that's incorrect in this case. We've cited compelling case law that says that in order to be within the scope of American pipe, a case has to be very, very similar to the class action cases, the reason being that the defendant has a right to know on day one what the complaint's going to be about and can't be blindsided down the road. But in this case, the Canale arbitration and the Alabama case, the Rice case, are very, very different cases from the class action complaints. The arbitration case, for example, the Canale funeral brought against Morgan Keegan was based on the individual relationship between Morgan Keegan and Canale. Canale asserted that the Morgan Keegan advice to get into the RMK funds was unsuitable and more risk than they were interested in, which is totally unrelated to the class action. The arbitration case asserted only state law claims and couldn't sue most of the defendants in the class action because they weren't FINRA members. So the arbitration case would not have been the have American pipe tolling, and for the same reason, it wouldn't make any sense to say it was the kind of case that would trigger this forfeiture doctrine under Wyatt. The same is true of the Alabama case. It was in state court, asserted only state law claims, didn't sue most of the defendants who were in the class action, and ultimately was deemed by the Alabama Supreme Court to have been a would-be shareholder's derivative case, and ultimately was dismissed on procedural grounds. So those cases, but neither of those cases are close enough to the class action complaints to be within the scope of American pipe tolling, and likewise would not be cases that would work a forfeiture under the Weiser-Pratt case. In fact, it's kind of hard to figure why claims that are brought in arbitration or in state court could be at all relevant to the Weiser-Pratt doctrine because it's all about the federal caseload, and we're talking about the state court and arbitration. Well, if we decide that we're continuing to be bound by Weiser-Pratt, where would that leave us with regard to your argument? Well, the argument that I just made about Weiser-Pratt not being properly triggered by those cases that are so different from the class action would still be a basis for reversing the dismissal. The defendants also asserted res judicata and collateral estoppel defenses, which the trial court correctly rejected. The Rice case was not disposed on the merits. There was no holding on the merits, and with respect to the arbitration awards, the defendants failed to establish any privity between Morgan Keegan and the class defendants, and also the which is necessary for the doctrines to apply because the arbitrators obviously couldn't decide claims against these other defendants that Your initial time has expired. Okay, thank you. You'll have your full rebuttal. Yeah, thanks. May it please the court, Peter Fruin on behalf of all of the appellees in this case for purposes of this argument. This court, as Judge Clay talked about, is bound by Weiser-Pratt. Weiser-Pratt was a decision by this court several years ago wherein it stated that American pipe tolling does not apply when an individual files their own lawsuit. Effectively, American pipe is there to protect individuals who have not filed actions, but if you take action on your own, you effectively lose American pipe tolling. And that is what this court has said. But the facts in this case are, in fact, much more severe than even in Weiser-Pratt, which would suggest that Weiser-Pratt not only should be followed, but that this is even stronger than Weiser-Pratt for a couple different reasons. But first, I want to address one issue that was raised by opposing counsel, which is, do the claims have to be exactly the same? And I think we can look at the Weiser-Pratt decision in and of itself. In Weiser-Pratt, the two class actions were under federal law. They were federal securities transactions. The case that was pending in Weiser-Pratt was, in fact, a common law case brought under state law. And what the court concluded, what the Sixth Circuit concluded was, since the claims were, though not identical, were similar, that American pipe tolling would not apply. And in this case, we have much more than simply what happened in Weiser-Pratt. What we have in this case are individuals that not only have sued once outside of the class action, but have sued multiple times. And I think if we look to one of the suggestions that opposing counsel has is the fact that there's a circuit split. And we would acknowledge that there's a circuit split. But in this circuit, Weiser-Pratt is the law. But if we look to the other jurisdictions and the decisions that they made, the facts in this case would actually support the same decision that Judge Mays made. And I think the most telling case is the State Farm v. Bolstroff case, which is out of the Tenth Circuit. And in that case, Weiser-Pratt was not followed by the Tenth Circuit. Because what the court said was, effectively, what these plaintiffs are doing by filing individual cases is they are filing early opt-outs. And by early opt-outs, yes, the statute of limitations hasn't run up until the time they file the early opt-out. But in this context, and what happened in this case, is these individuals filed cases back in 2008 and 2009. Those were their early opt-outs. So if we apply even those cases that would go against Weiser-Pratt, and we adopt sort of the standard of State Farm v. Bolstroff, under the reasoning of that case of it being an early opt-out, these folks opted out when they filed their first actions in 2009. When they filed the cases in this case in 2013, even if you gave them the benefit of American Pipe until they filed their first action, which is what's suggested under the Bolstroff case out of the Tenth Circuit, if you gave them American Pipe tolling for that period of time, it would stop when they filed their first action. And in this case, when they filed their second, third, and fourth action, even under those cases that do not file Weiser-Pratt, Judge Mays would have been required to dismiss this case, and I think this Court should confirm his actions down below. But most importantly, I think the issue here is the issue of Weiser-Pratt. Weiser-Pratt is a decision of the Sixth Circuit. It clearly says that American Pipe tolling does not apply if you file your own action. And in this case, these individuals filed their own action. So under the binding case precedent of the Sixth Circuit, this panel can do nothing more than affirm the decision of Judge Mays. You know, your opposing counsel says that even though that's a Sixth Circuit case, it's contrary to Supreme Court jurisprudence, and as a result, we can't follow it even though it's one of our Circuit cases. Well, what do you say to that? I think that you can look both to Weiser-Pratt, and again, I think you can actually look to the language of the cases of the other Circuits that have not followed the Weiser-Pratt Doctrine. You can look at Henry Hartford, you can look at State Farm v. Balstroff that I talked about in the Tenth Circuit. Each of those cases acknowledge that American Pipe and its progeny deals with the issue of if you file an action after class certification is either affirmed or denied. It does not deal with that time frame before class certification is affirmed or denied. All of the cases that have dealt with this issue acknowledge the fact that the U.S. Supreme Court's decisions in American Pipe and its progeny don't deal with that time frame. So with all due respect to my colleague here, I believe that he has misstated what the law is. Clearly, the Circuit courts can decide issues that have not been decided by the U.S. Supreme Court. While the U.S. Supreme Court has determined that the tolling applies for that time frame after the decision of certification or non-certification, there is nothing in American Pipe or its progeny that discusses the time frame before and whether you file an independent action before. And frankly, I think with all due respect, his statement is inaccurate. But I think if you look to the analysis and the purpose behind American Pipe tolling, I think it explains exactly why it only applies to those individuals who file an individual action after class certification or after class certification is denied. And that is the purpose behind American Pipe tolling is to protect individuals who have not taken any action and who are sort of relying upon the class action to protect their rights. And in a circumstance wherein an individual is filing their own action, they are not seeking the protection of American Pipe tolling. They are filing their own action. And the other purpose behind American Pipe tolling, and I think if we look to both Wiser Pratt as well as the other cases that discuss the issue, the main purpose behind American Pipe in part is to protect those individuals, but secondarily to keep the courts from being inundated with additional lawsuits. And I think this case is the poster child for the opposite of American Pipe tolling. These individuals filed cases in Tennessee state court. They filed cases in Alabama state court. They filed arbitrations, and now they file their own independent action in federal court. They were in no way relying upon the class action or the American Pipe tolling that might apply to that class action when they filed one, two, three, four separate lawsuits. So with all due respect again to my colleague, I do not believe his statement is accurate if you look at the case law that has interpreted, whether you look at this own court's decision in Wiser Pratt or if you look at the decisions of State Farm v. Balstroff or Henry Hartford or any of the others. So with that said, I understand I still have seven minutes left of my time, but unless the panel has any additional questions, I think this court's precedent is very clear, and I respectfully ask that the court affirm its prior decision on that issue. I'm not going to go into the other three issues simply because I think Wiser Pratt is dispositive and it deals with all of the issues, and unless this court deems otherwise, I will secede the rest of my time. Okay. Thank you very much, Mr. Troy. Thank you. Appreciate it. Two points, please. First of all, it is totally unreasonable to talk about Connelly opting out when they file a FINRA arbitration that they had to do contractually. That's the only forum they could go into to bring those claims against Morgan Keegan because the fine print in the contract that they signed when they opened their account said that's the way we're going to adjudicate disputes. So they didn't have any choice. And to call that an opt-out of the class action, particularly with all the differences that it had with the class action, is just illogical and unfair. And let me just reiterate again that Wiser Pratt is not dispositive in this case because of the nature of the claims that were deemed to trigger forfeiture in this case, that the differences, the significant differences between those cases and the class actions takes it out of the penumbra, if you will, of American pipe tolling. That's all I had. Thank you very much. Okay. Thank you, Mr. Falls. Again, thanks to both of you for your arguments today. And the case will be submitted.